IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,267






EX PARTE SHANNON MARK DOUTHIT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NUMBER 2076-A 


IN THE 83RD JUDICIAL DISTRICT COURT OF PRESIDIO COUNTY




 Johnson, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 
 


 Applicant was charged with a capital murder committed in 1986. He accepted the state's
offer of a plea of guilty in exchange for a life sentence. He now seeks relief from that sentence and
complains that the law at the time of his plea barred waiver of a jury trial in a capital case.

 A comparison of the current procedural rules with the procedural rules in effect at the time
of applicant's plea indicates that, perhaps in response to complaints such as this one, the legislature
has clarified what it means by "capital case" by inserting the phrase "in which state seeks the death
penalty" or "in which the state does not seek the death penalty," or similar phrases expressing the

 same narrowing of application, into at least 15 sections of the Code of Criminal Procedure. (1) In Sisk
v. State, 131 S.W.3d 492 (Tex. Crim. App. 2004), we held that the insertion of those phrases
indicated that the term "capital case" should be limited to a case in which the death penalty was
sought or sought and assessed, according to the posture of the case before us. Sisk was an appeal of
denial of a DNA test pursuant to Chapter 64 while Sisk was confined on a life sentence stemming
from an indictment for capital murder. We held that, because Sisk's sentence was life imprisonment,
his case was not a "capital case" as that term was used in the statutes and that he must, therefore,
appeal first to the appropriate court of appeals. The logic of Sisk applies in this case also. Applicant
was indicted for capital murder, but the state evinced its decision not to seek the death penalty by
offering a plea bargain for a life sentence. The case then ceased to be a "capital case," and applicant
was free to waive a jury trial. There is no error shown, and applicant is not entitled to relief as to that
issue.

 Applicant also raised four additional claims: ineffective assistance of counsel on appeal;
fundamentally defective information; involuntary guilty plea; and involuntary confession. Those
issues have not been investigated and addressed. I would remand those issues to the trial court for
a hearing. Because the Court does not do so, I respectfully dissent.

 

Filed: May 23, 2007

Publish
1. See, Tex. Code. Crim. Proc. arts. 1.13, 26.04, 26.052, 34.04, 35.13, 35.15, 35.16(b)(1), 35.17(2), 35.25,
35.26(b), 36.29(b), 37.071 § 1, 37.071 § 2(a)(1), 37.0711, §§ 2, 3(a)(1).